IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES D. ZOMBECK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 05-1389 |
| ) | |
| AMADA MFG. AMERICA, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

O R D E R

AND NOW, this 11th day of July, 2006, upon consideration of Plaintiff's Motion for Leave to Amend Complaint to Conform to the Pleadings and the Evidence (document No. 39) and Plaintiff's Second Motion for Leave to Amend Complaint to Conform to the Pleadings and the Evidence (document No. 41) and the Defendants' Responses thereto (document Nos. 40 and 45) and Plaintiff's Response to Defendants' Objections (document No. 47),

IT IS HEREBY ORDERED that said Motions are GRANTED in part and DENIED in part, to wit:

    1.    Said Motions are GRANTED to the extent that they seek to amend the Amended Complaint, filed with this Court on October 28, 2005, to dismiss Amada Mfg. America, Inc. and Amada Cutting Technologies, Inc.[1]

---

[1] The Court notes that Sabina Mfg., Integrated Logistics Solutions, LLC, and Amada Machinics Co, Ltd. have already been dismissed from this case.

2. Said Motions are GRANTED to the extent that they seek to name Amada America, Inc. and Amada Co., Ltd. as the appropriate Defendants in this case.

3. Said Motions are GRANTED to the extent that they seek to amend the jurisdictional amount from $25,000.00 to $75,000.00.

4. Said Motions are DENIED in all other respects.

Plaintiff seeks leave to amend the Amended Complaint to reflect that "Plaintiff was operating said machine when he inadvertently and unintentionally hit the foot pedal which activated the press brake while his left hand was near the pinch point of the machine" rather than "Plaintiff was operating said machine when he inadvertently and unintentionally leaned on it and got his left hand caught in the press brake" as he has consistently pled in all three of the prior complaints he has filed in this case.[2] Additionally, based upon this new set of alleged facts, Plaintiff necessarily seeks to add an additional theory of liability alleging that Defendants were negligent in failing to provide a proper safeguarding system to prevent injury in the event that the "foot switch or pedal" is inadvertently activated.

Absent substantial or undue prejudice, a court may deny a motion to amend in the face of bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency

---

[2] Plaintiff has filed his original Complaint and two subsequent Amended Complaints and did not mention, in any of these prior pleadings, that the foot pedal was involved in the accident.

by amendments previously allowed or futility of amendment. <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1413-14 (3d Cir. 1993). Additionally, a "'plaintiff has to carefully consider the allegations to be placed in a complaint before it is filed.'" <u>Gasoline Sales, Inc. v. Aero Oil Company</u>, 39 F.3d 70, 74, (3d Cir. 1994).

Here, the Court finds that Plaintiff's three previous opportunities to properly plead how the accident occurred were enough. <u>Gasoline Sales, Inc.</u>, 39 F.3d at 74. Plaintiff "is not seeking to add claims he inadvertently omitted from his prior complaints or which he did not know about earlier" but, rather, "is modifying his allegations in hopes of remedying factual deficiencies in his prior pleadings, even to the point of contradicting his prior pleadings." <u>Id.</u> at 74.

<u>s/Alan N. Bloch</u><br>
United States District Judge

cc/ecf:   Counsel of record